**WO**                                                                                           KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Phillip Wayne Jordan, | ) | No. CIV 06-1193-PHX-MHM (DKD) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Respondents. | ) | |

On May 1, 2006, Petitioner Phillip Wayne Jordan, formally confined in the Arizona State Prison Complex-Douglas, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee.

On June 5, 2006, Petitioner filed a Notice of Change of Address that indicates he was released from prison and now resides at a private residence. The website for the Arizona Department of Corrections states that Petitioner was released on June 1, 2006.

Arizona Department of Corrections Director Dora B. Schriro is named as a Respondent to the Petition and the Arizona Attorney General is named as an additional Respondent. Petitioner was convicted of Possession of Chemicals and Equipment to Manufacture Dangerous Drugs on July 8, 2002 and sentenced to a prison term of 5 years.

**JDDL**

1  Petitioner alleges three grounds for relief in the Petition: 1) Petitioner's sentence was
2 based on aggravating factors that were not determined by a jury; 2) the terms of the plea
3 agreement were violated by the imposition of an aggravated sentence; and 3) the trial court
4 failed to properly consider mitigating factors.  Petitioner seeks re-sentencing before a
5 different state court judge.

6  Because Petitioner has now been released from custody, it appears his Petition no
7 longer meets the "case-or-controversy" requirement under Article III, § 2, of the United
8 States Constitution.  The "case-or-controversy requirement subsists through all stages of
9 federal judicial proceedings, trial and appellate . . . The parties must continue to have a
10 'personal stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998),
11 quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "An incarcerated
12 convict's . . . challenge to the validity of his conviction always satisfies the case-or-
13 controversy requirement, because the incarceration, (or the restriction imposed by the terms
14 of the parole) constitutes a concrete injury, caused by the conviction and redressable by
15 invalidation of the conviction." Spencer, 523 U.S. at 7.  However, once a convict's sentence
16 has ended, some continuing injury other than the now-expired term of incarceration, or
17 collateral consequence of the conviction, must exist to maintain the suit. Id.  The Supreme
18 Court has presumed that "a wrongful criminal conviction has continuing collateral
19 consequences." Id. at 8.

20  In this case, Petitioner does not challenge the validity of his underlying conviction,
21 but only raises claims relating to the terms of his sentence.  As Petitioner has now been
22 released, it appears that Petitioner's Petition is moot.  The Court will therefore order
23 Petitioner to show cause, within 30 days from the filing date of this Order, why this action
24 should not be dismissed as moot.  If Petitioner fails to respond within the 30 day deadline,
25 the Petition and this action will be dismissed without prejudice.

26 ///
27 ///
28  **IT IS ORDERED**:

JDDL                                                           - 2 -

1  (1) Petitioner must **show cause, within 30 days** from the filing date of this Order, why this action should not be dismissed as moot in light of Petitioner's release from custody.

(2) The Clerk of Court must entered a judgment of dismissal without prejudice in this action if Petitioner fails to file a response within 30 days of the filing date of this Order.

DATED this 8th day of August, 2006.

_____
Mary H. Murguia
United States District Judge

**JDDL**

- 3 -