**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Wayne Jordan,<br><br>          Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>          Respondents. | No. CIV 06-1193-PHX-MHM (DKD)<br><br>**ORDER** |

On May 1, 2006, Petitioner Phillip Wayne Jordan, formerly confined in the Arizona State Prison Complex-Douglas, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee.

On June 5, 2006, Petitioner filed a Notice of Change of Address that indicated he was released from prison and now resides at a private residence.

On August 9, 2006, the Court issued an order directing Petitioner to show cause why this action should not be dismissed as moot in light of Petitioner's release from custody. Petitioner filed a Response to the Order to Show Cause on October 2, 2006. In his Response, Petitioner states that he was released to a halfway house on supervised released but was returned to custody. Petitioner states that he will be in custody until February 2007. Because

Petitioner meets the in-custody requirement for habeas actions, the Court will screen the Petition and order service.

**I. Petition**

Arizona Department of Corrections Director Dora B. Schriro is named as a Respondent to the Petition and the Arizona Attorney General is named as an additional Respondent. Petitioner challenges his July 8, 2002 judgment of conviction in Maricopa County Superior Court, case number CR 2002-003012, for Possession of Chemicals and Equipment to Manufacture Dangerous Drugs.

Petitioner alleges three grounds for relief in the Petition: 1) Petitioner's sentence was based on aggravating factors that were not determined by a jury in violation of the Fifth, Sixth, and Fourteenth Amendments; 2) the terms of the plea agreement were violated by the imposition of an aggravated sentence in violation of the Sixth and Fourteenth Amendments; and 3) the trial court failed to properly consider mitigating factors in violation of the Sixth and Fourteenth Amendments. Petitioner seeks re-sentencing before a different state court judge.

Petitioner asserts that he has either exhausted these claims or that exhaustion is not required. Even assuming that the exhaustion requirement has not been met, it appears that any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

**II. Warnings**

**A. Address Changes**

Petitioner must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**B. Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**C. Possible Dismissal**

Petitioner is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

//
//
//

(4) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 16th day of November, 2006.

_____
Mary H. Murguia
United States District Judge