IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Wayne Jordan,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro; Terry Goddard, Attorney General ,<br><br>　　　　　Respondents. | No. CV 06-1193-PHX-MHM<br><br>**ORDER** |

 Presently pending before this Court is Petitioner Phillip Wayne Jordan's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which Petitioner challenges his conviction (Doc. 1).  By way of plea agreement, Petitioner was convicted of possession of chemicals and equipment to manufacture dangerous drugs and with Petitioner's prior convictions, he was sentenced to a five-year term of imprisonment.  Petitioner has filed the instant Writ of Habeas Corpus claiming the following three grounds for relief: (1) his sentence was based upon aggravating factors that were not determined by a jury; (2) the terms of the plea agreement were violated by the imposition of an aggravated sentence; and (3) the trial court failed to properly consider mitigating factors.  Respondent has filed an Answer and asserts that Petitioner's Writ of Habeas Corpus should be dismissed because Petitioner's claims are now moot due to his unconditional release from prison, because Petitioner failed to inform the Court of his current change of address, and because the

1 petition was filed untimely.  The matter was referred to United States Magistrate Judge
2 David K. Duncan who has issued a Report and Recommendation ("R&R") recommending
3 that the Court deny and dismiss Petitioner's Writ of Habeas Corpus with prejudice (Doc. 21).
4 Petitioner did not file an objection to Judge Duncan's R&R.

## STANDARD OF REVIEW

6 The Court must review the legal analysis in the Report and Recommendation de novo. See
7 28 U.S.C. § 636 (b)(1)(C).  The Court must review the factual analysis in the Report and
8 Recommendation de novo for those facts to which objections are filed. Id.

## DISCUSSION

10 Petitioner claims three bases for habeas corpus relief.  However, all of Petitioner's claims
11 are barred based on three arguments.  First, Petitioner's case is likely now moot.  Federal
12 courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the
13 conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490
14 U.S. 488, 490-491 (1989).  However, a completion of a sentence does not necessarily make
15 a case moot due to the fact that the petitioner may continue to suffer collateral consequences
16 from the conviction.  Carafas v. LaValle, 391 U.S. 234, 237-38 (1968).  This rule is not
17 applicable in petitioner's case because it does not apply when the petitioner is only disputing
18 a sentence that has been fully served.  Lane v. Williams, 455 U.S. 624, 631-633 (1982);
19 Aaron v. Pepperas, 790 F.2d 1360, 1362 (9th Cir. 1986).

20 Second, Petitioner's request for habeas relief is barred because he failed to notify the
21 Court of his change of address.  On May 1, 2006 and on November 16, 2006, the Court
22 ordered Petitioner that he must file a notice of change of address 10 days before the move
23 is effective, and that failure to do so could result in dismissal of the action.  See Ferdik v.
24 Bonzelet, 963 F.2d 1258, 1260-61(9th Cir. 1992) (finding that a district court may dismiss
25 an action for failure to comply with any order of the court).  Petitioner has not filed a change
26 of address and mailed copies of the Court's March 6, 2007 Order have been returned.

27 Additionally, Petitioner's claim was filed untimely.  Petitioner had one year to file a Writ
28 of Habeas Corpus in federal court. 28 U.S.C. § 2244(d)(1).  Petitioner's conviction became

final on July 8, 2002 and, absent any tolling, his federal petition was due on July 9, 2003. Petitioner's first Rule 32 post-conviction petition was not filed until August 14, 2004 and was dismissed by the trial court as untimely.  Petitioner argues that he is nevertheless entitled to relief under Blakely v. Washington, 542 U.S. 296 (2004).  Judge Duncan stated in his Report and Recommendation that Petitioner's conviction was final before the Supreme Court's decision in Blakely and that Blakely does not apply retroactively to cases on collateral review.  See Schardt v. Payne, 414 F. 3d 1025, 1038 (9th Cir. 2005).  This Court agrees with Judge Duncan's Report and Recommendation and finds that Blakely does not apply in Petitioner's case.

## CONCLUSION

The Court finds no grounds upon which to grant Petitioner's Writ for Habeas Corpus relief.  Accordingly,

**IT IS ORDERED** that the Court adopts Judge Duncan's Report and Recommendation (Doc. 21) in its entirety as the Order of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is denied and dismissed with prejudice.

DATED this 29th day of May, 2007.

_____
Mary H. Murguia
United States District Judge